UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRYAN K. WILSON,

    Petitioner,

    v.

CHARLES WILLIAMS,

    Respondent.

Case No. 16-cv-01018 (CRC)

## OPINION AND ORDER

Bryan Wilson was convicted in the Superior Court of the District of Columbia of first-degree premeditated murder and several related charges for shooting and killing his wife. See Wilson v. United States, 995 A.2d 174, 177 (D.C. 2010). In September 2007, the Superior Court sentenced him to 660 months' imprisonment on the murder charge, as well as to consecutive terms of 84 months' imprisonment for possession of a firearm during a crime of violence and 24 months' imprisonment for carrying a pistol without a license.[1] Resp't's Mot. Transfer Case ("Mot.") 1–2. The Court of Appeals for the District of Columbia affirmed his convictions on appeal, issued a mandate, and denied Wilson's motions for rehearing and rehearing en banc. See Wilson, 995 A.2d at 189; Pet'r's Petition for Writ of Habeas Corpus ("Pet.") ¶ 7(a)–(b). Wilson filed a *pro se* motion to recall the mandate—which included an ineffective assistance of appellate counsel claim—that the Court of Appeals denied. Wilson v. O'Brien, 869 F. Supp. 2d 169, 170 (D.D.C. 2012).

---

[1] In addition, the Superior Court imposed yearlong terms of imprisonment for unlawful possession of an unregistered firearm and unauthorized possession of ammunition, to be served concurrently to the 24-month sentence for carrying a pistol without a license. Resp't's Mot. Transfer Case 2.

After exhausting his ineffective assistance of appellate counsel claim in D.C.'s local courts, Wilson sought "a second bite at the apple in federal court" under 28 U.S.C. § 2254. See Wilson, 869 F. Supp. 2d at 172 (internal citation omitted). "Habeas relief under § 2254 may be available with respect to any claim that was adjudicated on the merits in District of Columbia court proceedings if the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. (quoting 28 U.S.C. § 2254(d)). The District Court considered Wilson's ineffective assistance of appellate counsel claim and denied his petition for habeas relief. See id. at 174. In denying Wilson's subsequent request for a certificate of appealability, the Court of Appeals for the District of Columbia Circuit noted that Wilson's "ineffective assistance of appellate counsel claim was adjudicated on the merits by the District of Columbia Court of Appeals, and he [had] not shown that his available remedy was inadequate, even though it was unsuccessful." See Wilson v. O'Brien, 2013 WL 216328, at *1 (D.C. Cir. Jan. 4, 2013) (per curiam).

In May 2016, Wilson filed another petition for a writ of habeas corpus, which is now before this Court. Pet'r's Pet. Petitioner again raises ineffective assistance of appellate counsel claims in connection with the direct appeal of his conviction. See id. ¶ 8. He explains that three of his four grounds for relief "have not been presented to any court" because he followed the "erroneous legal advice" of appellate counsel who misled him into believing that these were not viable arguments. Id. ¶ 9.

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a stringent set of procedures that a prisoner in custody pursuant to the judgment of a State court must follow if he wishes to file a 'second or successive' habeas corpus application challenging

that custody." Burton v. Stewart, 549 U.S. 147, 152 (2007) (quoting 28 U.S.C. § 2254(a) and § 2244(b)(1)). Wilson first must "move in the appropriate court of appeals for an order authorizing the district court to consider [the successive petition]." Id. § 2244(b)(3)(A). The court of appeals "may authorize the filing of a second or successive [petition] only if it determines that the [petition] makes a prima facie showing that it satisfies the [following] requirements," id. § 2244(b)(3)(C):

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B) (i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Id. § 2244(b)(2). Wilson has not obtained an order from the D.C. Circuit permitting this Court to consider his petition for habeas relief, and the government has moved to transfer this matter to the D.C. Circuit "so that [it] can decide whether to authorize the filing of [P]etitioner's successive § 2254 motion." Resp't's Mot. 1.

Wilson contends that the claims he raises in his second petition had not been exhausted at the time he filed his first § 2254 petition, a circumstance he attributes both to appellate counsel's flawed advice and to counsel's refusal to present them to the District of Columbia Court of Appeals. See Pet'r's Opp'n Resp't's Mot. ("Opp'n") 2, 6. Now that Petitioner has no further recourse in the state courts, he deems these claims exhausted and properly brought in this federal

district court.  See id. at 5.  In other words, because he is bringing these claims for the first time, his current petition is not "second or successive."

Wilson, however, is well aware of his obligation under 28 U.S.C. § 2244(b)(3)(A) to seek the D.C. Circuit's permission before filing a second or successive petition under § 2254.  In fact, the Court notes that Petitioner already attempted to do so, and the D.C. Circuit denied his request.  See In re Wilson, No. 15-3071 (D.C. Cir. May 10, 2016).  Petitioner cannot circumvent AEDPA's stringent requirements by adding grounds that were not presented to the district court in his initial petition.  It is the Circuit's prerogative to determine if "[a] claim presented in a second [petition] . . . that was not presented in a prior application" meets the standards set forth by AEDPA.  Unless and until the D.C. Circuit authorizes the Court to hear Wilson's second habeas petition, this Court lacks jurisdiction to consider it.  See Burton, 549 U.S. at 153.

Accordingly, it is hereby

**ORDERED** that [10] Respondent's Motion to Transfer Petitioner's Petition for Writ of Habeas Corpus is GRANTED; and it is further

**ORDERED** that the Clerk of Court shall TRANSFER this matter to the United States Court of Appeals for the District of Columbia Circuit so that it may determine whether to authorize the filing of Petitioner's successive petition.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   March 20, 2017